IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALEB CAMPBELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 23-CV-238-DWD |
| ) | |
| STATE OF ILLINOIS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on preliminary review of the Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by Petitioner Caleb Campbell. (Doc. 16). Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Campbell is an inmate incarcerated at Menard Correctional Center within the Illinois Department of Corrections. In his amended petition, Campbell states that he is challenging a judgment of conviction entered in Madison County, Illinois in case No. 2021-cf-002583. On December 15, 2022, following a bench trial, Campbell was found guilty of failure to stop after having an accident involving personal injury or death, failure to report an accident involving personal injury or death, and first-degree murder.

Campbell was sentenced to life imprisonment. In his petition, Campbell states the following grounds for relief: (1) due process violation; (2) fundamental miscarriage of justice; (3) judicial misconduct; and (4) prosecutorial misconduct.

Regardless of the merits of Campbell's petition, the court finds that it must be dismissed. "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1), (c)). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *Id.* at 842. "The exhaustion requirement provides the State an opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Bolton v. Akpore*, 730 F.3d 685, 694 (7th Cir. 2013) (quotations omitted).

To satisfy the statutory exhaustion requirement, "a petitioner must assert that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *Wilson v. Cromwell*, 58 F.4th 309, 319 (7th Cir. 2023) (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014)). "The complete round rule means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* (citation omitted). In Illinois, that includes a petition for leave to appeal to the Illinois Supreme Court. *Id. Soto v. Truitt*, No. 96 C 5680, 2023 WL 112585, at *8 (N.D. Ill. Jan. 5, 2023) (citing *O'Sullivan*, 526 U.S. at 845).

Here, Campbell states that his appeal with the Illinois appellate court is pending, and a review of the state court docket confirms that his case has an appeal pending.

Indeed, it appears that, just days ago, Campbell was appointed counsel on appeal. Accordingly, his claims must be dismissed without prejudice to allow for exhaustion in state court.

## CONCLUSION

For these reasons, the Amended Petition Under 28 U.S.C. § 2254 for Writ for Habeas Corpus filed by Petitioner Caleb Campbell (Doc. 16) is **DENIED** without prejudice. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, no reasonable jurist would find it debatable that this Court's ruling on the issue of exhaustion is correct. Accordingly, the Court denies a certificate of appealability.

Campbell may reapply to the United States Court of Appeals for the Seventh Circuit for a certificate of appealability if he wishes to pursue an appeal. See FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

**SO ORDERED.**

Dated: April 21, 2023

_____
DAVID W. DUGAN
United States District Judge